IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| WILLIAM SIMMONS, <br><br> Plaintiff, <br><br> v <br><br> NATIONWIDE MUTUAL FIRE INSURANCE COMPANY, <br><br> Defendant. | ) ) ) ) ) ) ) ) ) ) ) ) ) 2:11-cv-328 |

## MEMORANDUM OPINION AND ORDER OF COURT

Pending before the Court is the MOTION TO DISMISS filed by Defendant Nationwide Mutual Fire Insurance Company ("Nationwide"), Doc. No. 3, with brief in support, Doc. No. 4. Plaintiff has filed a response in opposition, Doc. No. 76, to which Defendant Nationwide has replied, Doc. No. 8. The motion is ripe for disposition. For the reasons that follow the motion will be granted in part and denied in part.

### FACTUAL AND PROCEDURAL BACKGROUND

The following facts are taken from Plaintiff's complaint. This action arises out of an insurance claim submitted to Nationwide by Plaintiff William Simmons in 2004. Plaintiff alleges that on or about August 20, 2004, an unknown individual broke into Plaintiff's business located at 926 Island Avenue, McKees Rocks, PA 15136, and stole a large assortment of Plaintiff's tools. *See* Doc No. 1-2, Complaint, at ¶ 6. At the time, Plaintiff maintained a Business Provider insurance policy with Defendant Nationwide. *Id.* at ¶ 3. The insurance policy purportedly covered the property and contents of Plaintiff's business location, including "property you own that is used in your business." *Id.* at ¶¶ 3-4. Plaintiff claims that the stolen tools were "business personal property" and, therefore, a covered loss under his policy. *Id.* at ¶

6. Plaintiff reported the theft to Defendant seeking coverage for the stolen tools. *Id*. at ¶ 7. Defendant investigated the claim, and on March 11, 2005, notified Plaintiff that his claim was denied. *Id*.

Plaintiff commenced this action with the filing of a Praecipe for Writ of Summons on or about August 11, 2006 in the Court of Common Pleas of Allegheny County, Pennsylvania at docket number GD 06-018972. *See* Doc. No. 1, Notice of Removal. Plaintiff filed his complaint on or about February 16, 2011. Doc. No. 1-2. Plaintiff's complaint alleges three counts, a claim for breach of an insurance contract (Count I), a claim for breach of duty of good faith and fair dealing (Count II), and a statutory bad faith claim under 42 Pa.C.S.A. § 8371 (Count III).

Defendant moves to dismiss Count II of Plaintiff's complaint, "Breach of Good Faith and Fair Dealing", for failing to state a claim for which relief can be granted, specifically contending that no such cause of action exists in Pennsylvania. *See* Doc. No. 4 at § IV.A. In the alternative, Defendant moves to strike the reference contained in paragraph 34 of Count II to it as a fiduciary. *Id*. at § IV.B. Defendant also moves to strike Plaintiff's demand for compensatory damages in Count III, the statutory bad faith claim, on the basis that 42 Pa.C.S.A. § 8371 does not provide for compensatory damages. *Id*. at § IV.C. Plaintiff opposes Defendant's motion in each regard. Doc. No. 7.

## STANDARD OF REVIEW

A. Rule 12(b)(6) Motion to Dismiss

When considering a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a court must view all allegations stated in the complaint as true and construe all inferences in the light most favorable to plaintiff. *Hishon v. King & Spaulding*, 467 U.S. 69, 73, 104 S.Ct. 2229, 81 L.Ed.2d 59 (1984); *Kost v. Kozakiewicz,* 1 F.3d 176, 183 (3d Cir.1993). "The tenet that a

court must accept as true all of the [factual] allegations contained in the complaint is inapplicable to legal conclusions." *Ashcroft v. Iqbal*, --- U.S. ----, ----, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) (internal citations omitted). In ruling on such a motion, the court primarily considers the allegations of the pleading, but is not required to consider legal conclusions alleged in the complaint. *Kost*, 1 F.3d at 183. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 129 S.Ct. at 1949. At the motion to dismiss stage, a court considers whether plaintiff is entitled to offer evidence to support the allegations in the complaint. *Maio v. Aetna, Inc.*, 221 F.3d 472, 482 (3d Cir.2000).

A complaint should only be dismissed if, accepting as true all of the allegations in the complaint, plaintiff has not pled enough facts to state a claim to relief that is plausible on its face. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 1960, 167 L.Ed.2d 929 (2007). "Determining whether a complaint states a plausible claim for relief will ... be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 129 S.Ct. at 1950.

The failure-to-state-a-claim standard of Rule 12(b)(6) "streamlines litigation by dispensing with needless discovery and factfinding." <u>Neitzke v. Williams</u>, 490 U.S. 319, 326-27, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989). A court may dismiss a claim under Rule 12(b)(6) where there is a "dispositive issue of law." *Id.* at 326. If it is beyond a doubt that the non-moving party can prove no set of facts in support of its allegations, then a claim must be dismissed "without regard to whether it is based on an outlandish legal theory or on a close but ultimately unavailing one." *Id.* at 327.

B. Rule 12(f) Motion to Strike

"The court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed.R.Civ.P. 12(f). A decision to grant or deny a motion to strike a pleading is vested in the trial court's discretion. *See Snare & Triest v. Friedman*, 169 F. 1, 6 (3d Cir.1909); *BJC Health System v. Columbia Cas. Co.*, 478 F.3d 908, 917 (8th Cir.2007). "The purpose of a motion to strike is to clean up the pleadings, streamline litigation, and avoid unnecessary forays into immaterial matters." *McInerney v. Moyer Lumber & Hardware, Inc.*, 244 F.Supp.2d 393, 402 (E.D.Pa.2002).

Motions to strike are decided on the pleadings alone. *Hanover Ins. Co. v. Ryan*, 619 F.Supp.2d 127, 132 (E.D.Pa.2007). Because a motion to strike is not favored, a court will generally not grant such a motion unless the material to be stricken bears no possible relationship to the controversy and may cause prejudice to one of the parties. *See Hanover Ins. Co.*, 619 F.Supp.2d at 133; *Miller v. Group Voyagers, Inc.*, 912 F.Supp. 164, 168 (E.D.Pa.1996). In deciding the motion, a court should also consider the liberal pleading standards of Rule 8 and the lack of a developed factual record at this early stage of litigation. *See Hanover Ins. Co.*, 619 F.Supp.2d at 133; *United States v. Consolidation Coal Co.*, No. 89-CV-2124, 1991 WL 333694, at *1 (W.D.Pa. Jul. 5) (citing *Kelley v. Thomas Solvent Co.*, 714 F.Supp. 1439, 1442 (W.D.Mich.1989)).

## ANALYSIS

a.     Claim for Breach of Duty of Good Faith and Fair Dealing in Pennsylvania

In his Complaint, Plaintiff alleges that Defendant breached its duty of good faith and fair dealing in unreasonably denying his insurance claim for his loss following the theft of his tools. (Docket No. 1-2 at ¶¶ 33-36). Specifically, Plaintiff's Complaint alleges:

> 34. As an insurer doing business in Pennsylvania and a fiduciary, Defendant owed Plaintiff a duty of good faith and fair dealing as part of its obligations under the Policy that is issued to the Plaintiff, and for which premiums were paid.
>
> 35. Defendant breached its duty of good faith and fair dealing owed to Plaintiff by refusing to pay him the benefits due and owing to Plaintiff and by failing to investigate this claim and respond to Plaintiff in a timely manner.
>
> 36. Plaintiff has suffered economic loss as a result of Defendant's refusal to pay him the loss benefits to which he is contractually and statutorily entitled.

Doc. No. 1-2 at ¶¶ 34-36.

In its Brief in Support of Motion to Dismiss, Defendant argues that Pennsylvania law does not recognize a cause of action for breach of duty of good faith and fair dealing sounding in tort. Doc. No. 4 at 6. The Court agrees. Common law claims for bad faith on the part of insurers are not remediable in Pennsylvania. *See, e.g., Terletsky v. Prudential Property and Cas. Ins. Co.*, 437 Pa.Super. 108, 649 A.2d 680, 688 (1994)(citations omitted); *see also*, *Keefe v. Prudential Property and Cas. Ins. Co.*, 203 F.3d 218, 224 (3d Cir. 2000)(citing *D'Ambrosio v. Pennsylvania Nat'l Mutual Casualty Ins. Co.*, 494 Pa. 501, 431 A.2d 966 (1981)); *Greater New York Mut. Ins. Co. v. North River Ins. Co.*, 872 F.Supp. 1403, 1409 (E.D.Pa.1995) (citing *Gedeon v. State Farm Mut. Auto. Ins. Co.*, 410 Pa. 55, 188 A.2d 320 (Pa.1963)); *Williams v. Nationwide Mut. Ins. Co.*, 750 A.2d 881, 886 (Pa.Super. 2000). Instead, the Pennsylvania legislature has enacted the Pennsylvania bad faith statute, 42 Pa.C.S.A. § 8371, to provide a remedy for actionable bad faith on the part of insurers. *Terletsky*, 649 A.2d at 688; *Employers Mut. Cas. Co. v. Loos*, 476 F.Supp.2d 478, 488 n. 8 ("The only tort remedy against insurers for bad faith available under Pennsylvania law is the statutory remedy provided by § 8371") (citations omitted).

In his response to Defendant's motion to dismiss Count III, Plaintiff contends that he is asserting breach of a common law contractual duty of good faith and fair dealing. Doc. No. 7. Specifically, Plaintiff argues:

> In Pennsylvania, good faith requires an insurance company to evaluate a claim in an honest, intelligent and objective manner. *Empire Fire and Marine Ins. Co. v. Jones*, 739 F.Supp.2d 746, 767 (M.D.Pa. 2010). This duty of good faith and fair dealing is implied in insurance contracts where the Pennsylvania Supreme Court has recognized that the "utmost fair dealing should characterize the transactions between an insurance company and the insured." *Dercoli v. Pennsylvania National Mutual Insurance Co.*, 554 A.2d 906, 908 (Pa., 1989). Therefore, taking the allegations set forth in the Plaintiff's Complaint as true, this Honorable Court must accept that Defendant failed to adequately investigate Plaintiff's claim and respond in a timely manner.

Doc. No. 7 at § III.A.

In Pennsylvania, a duty of good faith and fair dealing is implicit in an insurance contract. *Condio v. Erie Ins. Exch.*, 899 A.2d 1136, 1144 (Pa.Super.2006) (citing *O'Donnell*, 734 A.2d at 905), s*ee also Dercoli v. Pennsylvania Nat. Mut. Ins. Co.*, 520 Pa. 471, 554 A.2d 906, 909 (Pa.1989) (quoting *Fedas v. Ins. Co. of the State of Pa.*, 141 A.2d 283 (Pa.1930)). As such, under Pennsylvania law, a plaintiff may bring a cause of action for breach of the contractual duty of good faith and fair dealing in the insurance context, permitting an insured to recover compensatory damages for an insurer's failure to act in good faith. *Benevento v. Life USA Holdings, Inc.*, 61 F.Supp.2d 407, 425 (E.D.Pa.1999) (citations omitted); *Gray v. Nationwide Mut. Ins. Co.*, 422 Pa. 500, 223 A.2d 8, 11 (Pa.1966) (holding that a common law breach of contract action will lie for the insurer's failure to comply with its obligation to act in good faith and with due care in representing the interests of the insured in its failure to settle with a third party); *Johnson v. Beane*, 541 Pa. 449, 664 A.2d 96, 101 (Cappy, J. concurring) (citing *Cowden v. Aetna Casualty and Surety Company*, 389 Pa. 459, 134 A.2d 223 (1957)); *see also Birth Center v. St. Paul Cos.*, 567 Pa. 386, 787 A.2d 376, 385-86 (Pa.2001) (holding that, in the

context a third party case in which the insurer refused to settle a claim on behalf of the insured, "nothing in *D'Ambrosio* bars a party bringing a bad faith action sounding in contract from recovering damages that are otherwise available to parties in contract actions ....")

However, Pennsylvania law does not recognize a separate breach of contractual duty of good faith and fair dealing where said claim is subsumed by a separately pled breach of contract claim. *LSI Title Agency, Inc. v. Evaluation Services, Inc.*, 951 A.2d 384, 391 (Pa.Super.2008), appeal denied, 960 A.2d 841(Pa.2008); *Sommers v. Sommers*, 418 Pa.Super. 131, 613 A.2d 1211, 1215 (Pa.Super.1992); *see Ross v. Metropolitan Life Ins. Co.*, 411 F.Supp.2d 571, 583-4 (W.D.Pa.2006) (dismissing a breach of fiduciary duty claim as redundant of the plaintiff's breach of contract claim); *accord Belmont Holdings Corp. v. Unicare Life & Health Ins. Co.*, No. Civ. A. 98-2365, 1999 WL 124389 at *4 (E.D.Pa. February 5, 1999). Moreover, applying Pennsylvania law, several courts have held that, where the plaintiff alleges that the defendant breached its duty of good faith and fair dealing by denying first party benefits under an insurance policy, said claim is subsumed by the plaintiff's breach of insurance contract claim premised on the same conduct. *See, e.g.*, *Meyer v. Cuna Mut. Group*, 2007 WL 2907276 at * 15 (W.D.Pa. September 28, 2007)(holding that where the conduct forming the basis of the plaintiff's breach of duty of good faith and fair dealing claim is the same conduct forming the basis for the breach of contract claim, the claims merge and there is no separate cause of action for breach of duty of good faith and fair dealing); *see also JHE, Inc. v. SEPTA*, No. 1790, 2002 WL 1018941, at *5 (Phila.C.P. May 17, 2002)) ("'[T]he implied covenant of good faith does not allow for a claim separate and distinct from a breach of contract claim. Rather, a claim arising from a breach of the covenant of good faith must be prosecuted as a breach of contract claim, as the covenant does nothing more than imply certain obligations into the contract itself"); *Garvey v. National Grange*

7

*Mut. Ins. Co.*, No. 95-0019, 1995 WL 115416, at *4 (E.D.Pa. Mar.16, 1995); *Ingersoll-Rand Equip. Corp. v. Transportation Ins. Co.*, 963 F.Supp. 452, 453-54 (M.D.Pa.1997); *Greater New York Ins. Co. v. North Ins. Co.*, 872 F.Supp. 1403, 1409 (E.D.Pa.1995), aff'd, 85 F.3d 1088 (3d Cir.1996) (stating "[t]he Pennsylvania Supreme Court treats the breach of contractual duty of good faith and breach of fiduciary duty synonymously in the context of insurance cases") (citation omitted).

The decisions from sister districts within the Third Circuit referenced by Plaintiff do nothing to change the Court's analysis in this regard. While the court in *Empire Fire and Marine Ins. Co.*, did note that good faith requires an insurance company to evaluate a case in an "honest, intelligent, and objective" manner, 739 F.Supp.2d at 767 (quoting *U.S. Fire Ins. Co. v. Royal Ins. Co.*, 759 F.2d 306, 311 (3d Cir. 1985)(citations omitted)), it did so within the context of addressing that plaintiff's Pennsylvania bad faith claim brought by that plaintiff under 42 Pa.C.S.A. § 8371, as opposed to being within the context of a common law claim. Likewise, Plaintiff references *Benevento v. Life USA Holdings, Inc.*, 61 F.Supp.2d 407, 425 (E.D.Pa.1999), a decision that is inapposite to this case. Doc. No. 7 at § III.A. In *Benevento*, the Court held that the plaintiffs were not precluded from bringing a claim for breach of contractual duty of good faith and fair dealing in addition to a claim for bad faith under § 8371. *Id.* at 425. Unlike the action *sub judice*, however, the *Benevento* plaintiffs did not bring a separate claim alleging a breach of insurance contract in addition to their breach of duty of good faith and fair dealing and bad faith claims. *Id.* at 413. Additionally, *Benevento* is factually distinguishable, in that the plaintiffs alleged that the defendants breached their duty of good faith and fair dealing prior to the formation of any contracts by misrepresenting the terms of the annuity contracts in order to solicit the plaintiffs' business. Here, Plaintiff alleges that, in refusing to pay the loss benefit

8

under the terms of the insurance policy, Defendant has breached the insurance contract (Count I) and the implied duty of good faith and fair dealing (Count II). (Docket No. 1-2, at ¶¶ 26-32; ¶¶ 33-36).

Taken together, the Court finds that Count II, Plaintiff's breach of duty of good faith and fair dealing claim, appears to combine the claims of breach of contract alleged in Count I with the statutory bad faith claim alleged in Count III. As such, Count II is redundant and unnecessary, and the Court will grant Defendant's motion to dismiss Count II.

b. Motion to Strike "compensatory damages" demand from statutory bad faith claim.

Defendant moves to strike Plaintiff's claim for compensatory damages from the *ad damnum* clause of Count III, contending that the Pennsylvania bad faith statute does not permit the recovery of compensatory damages. Doc. No. 3 at ¶¶ 26-28. Plaintiff notes in response that the bad faith statute does not prohibit courts from awarding compensatory damages, if such damages are otherwise available. Doc. No. 7.

Both parties are correct, to a point. Pennsylvania has codified a cause of action for "bad faith" conduct by an insurance company in its handling and/or denial of an insured's claims. 42 Pa.C.S.A. § 8371. Specifically, § 8371 provides:

> In an action arising under an insurance policy, if the court finds that the insurer has acted in bad faith toward the insured, the court may take all of the following actions:
>
> (1) Award interest on the amount of the claim from the date the claim was made by the insured in an amount equal to the prime rate of interest plus 3%.
>
> (2) Award punitive damages against the insurer.
>
> (3) Assess court costs and attorney fees against the insurer.

42 Pa.C.S.A. § 8371. As Defendant correctly notes, under Pennsylvania law, a plaintiff cannot recover compensatory damages based on § 8371. Doc. Nos. 4 at §IV.B, and 8 at § B (citing *The*

9

*Birth Center v. The St. Paul Companies, Inc.*, 567 Pa. 386, 787 A.2d 376, 386 (Pa. 2001)). At the same time, however, § 8371 does not prohibit an award of compensatory damages, *id.*; a point noted by Plaintiff in opposition to Defendant's motion. *See* Doc. No. 7. Compensatory damages are available under Pennsylvania's common law of contracts, even where the action is brought under a bad faith theory. *Id.*, n. 12.

The Court turns to the relationship between Count III, the claim pursuant to the bad faith statute itself, and Count I, the common law claim for breach of contract. The law of Pennsylvania recognizes "a common law action for bad faith sounding in contract." *Johnson v. Beane*, 541 Pa. 449, 664 A.2d 96, 101 (Pa.1995)(Cappy, J., concurring). Relative to that, section 8371 provides an additional remedy and authorizes the award of additional damages when a court finds that an insurer has acted in bad faith. *Birth Center*, 787 A.2d at 387. A plaintiff, therefore, may "*supplement* the breach of contract damages that they can obtain through their bad faith contract action by also bringing a claim under § 8371 for the specific damages authorized in that statute." *Id.* at 391 (Nigro, J., concurring)(emphasis added). For its part, Defendant is not challenging the notion that Plaintiff may recover compensatory damages under Count I, the breach of contract claim, despite the fact that Plaintiff did not use the express term "compensatory damages" in his prayer for relief under Count I (instead simply claiming "damages" without elaboration). *See* Doc. No. 1-2 at Count I. Reading the two counts together, there is no redundant demand for compensatory damages.

The Court notes that the Pennsylvania Superior Court has relatively recently characterized the attorney's fees, costs and interest available under § 8371 as "compensatory damages" for purposes of determining whether an award of punitive damages was sufficiently excessive to violate the Due Process Clause of the Fourteenth Amendment. *Hollock v. Erie*

*Insurance Exchange*, 842 A.2d 409, 421-422 (Pa.Super.2004). More particularly, the Superior Court explained that the specific damages available under § 8371(1) and § 8371(3) are "compensatory damages" for purposes of evaluating the constitutionality of a punitive damages award under § 8371(2). *Hollock*, 842 A.2d at 421-422. The U.S. Court of Appeals for the Third Circuit adopted a similar position in *Willow Inn, Inc. v. Public Service Mutual Insurance Company*, 399 F.3d 224, 236-37 (3d Cir.2005). The Court points this out for the purpose of illustrating that the term "compensatory damages" sometimes has different meanings in different contexts. Although this Court agrees that the type of compensatory damages available under Pennsylvania's common law of contracts are not available under § 8371, both the Superior Court and the Court of Appeals have characterized some of the damages available under that statute as "compensatory damages" in another context. The Court does not consider the inclusion of the demand for compensatory damages within the complaint to be immaterial, impertinent, or scandalous.

Taken together, the Court finds the challenged language unobjectionable in the context presented and will deny the motion to strike in that regard. However, this denial is without prejudice, and Defendant is permitted to raise this issue in the future if necessary.

**CONCLUSION**

For the reasons hereinabove stated, Defendant's Motion to Dismiss, Doc. No. 3, will be granted in part and denied in part.

An appropriate order follows.

                                                        McVerry, J.

# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **WILLIAM SIMMONS,** | )<br>) |
| Plaintiff, | )<br>) 2:11-cv-328 |
| v | )<br>) |
| **NATIONWIDE MUTUAL FIRE INSURANCE COMPANY,** | )<br>)<br>) |
| Defendant. | )<br>) |

## ORDER OF COURT

AND NOW, this 20ˢᵗ day of April 2011, in accordance with the foregoing Memorandum Opinion, it is hereby **ORDERED, ADJUDGED AND DECREED** that the MOTION TO DISMISS, Doc. No. 3, of Defendant Nationwide Mutual Fire Insurance Company is **GRANTED IN PART** and **DENIED IN PART.** It is granted in that Count II of Plaintiff's complaint is DISMISSED. It is denied in that Defendant moved to strike the term "compensatory damages" from the *ad damnum* clause of Count III.

BY THE COURT:

s/Terrence F. McVerry
United States District Judge

cc: **Wayne M. Chiurazzi, Esquire**
Email: wchiurazzi@the-attorneys.com

**Daniel L. Rivetti, Esquire**
Email: drivetti@rlmlawfirm.com